UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| WILLIAM V. ATKINS, #82860 | ) | |
| | ) | |
| v. | ) | No. 2:07-cv-62 |
| | ) | |
| GREENE COUNTY SHERIFF'S DEPT. and JAIL, MEDICAL STAFF/ DR. MATTHEWS, SHERRY SOWERS, Nurse, SUSAN CHRISTY, Nurse, ANGELA MORGAN, Nurse, and SUE STARNES, Nurse | ) ) ) ) ) ) | |

**MEMORANDUM and ORDER**

William V. Atkins, Prisoner No. 082860, has filed a *pro se* complaint for injunctive and monetary relief under 42 U.S.C. § 1983, alleging that he was denied medical care for various maladies and injuries, in violation of his right not to be subjected to cruel and unusual punishments, as secured by the Eighth Amendment to the U. S. Constitution. Plaintiff has also submitted an application to proceed *in forma pauperis*.

Under the Prison Litigation Reform Act, however, a prisoner who has on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted, shall not

be permitted to bring a civil action under the federal pauper statutes, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In other words, a prisoner who falls within the scope of § 1915(g) is not precluded from filing his lawsuit in federal court. He is, however, precluded from filing his lawsuit at taxpayer expense. *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998), *cert. denied,* 525 U.S. 1139 (1999).

Records reflect that plaintiff has filed at least three prior civil rights actions which have been dismissed for failure to state a claim for relief under § 1983. *See Atkins v. Hamblen County Jail,* Civil Action No. 2:00-cv-354 (E.D. Tenn. May 30, 2001)(dismissed for failure to state a claim); *Atkins v. Hamblen County Jail,* Civil Action No. 2:02-cv-52 (E.D. Tenn. Nov. 15, 2002) (same); and *Atkins v. Takoma Adventist Hospital,* Civil Action No. 2:07-cv-67 (E.D. Tenn. July 7, 2007) (same).

Therefore, the Court finds plaintiff is subject to the 3-dismissal rule in § 1915(g), which means that he may not file this action *in forma pauperis* unless he is under imminent danger of serious physical injury. Plaintiff does not allege that he is in imminent danger of serious physical injury and there is nothing in the complaint to suggest otherwise, especially given that his complaint was prepared and signed while he was housed in the Cocke County jail.

Accordingly, plaintiff's application to proceed *in forma pauperis* is **DENIED**. This action has been filed solely for the purpose of making a record and for statistical purposes, but this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(g), without prejudice to plaintiff's filing of a fee-paid civil complaint.

The Court also **FINDS** that any appeal taken from this decision would not be taken in good faith. 28 U.S.C. § 1915(a)(3). Therefore, should plaintiff file a notice of appeal, he is **DENIED** leave to proceed *in forma pauperis* and must submit the full appellate fee of $455.00 along with the notice.

**ENTER:**

J. RONNIE GREER
UNITED STATES DISTRICT JUDGE